Glen M. Diehl, Esq.
Charles Quinn, Esq.
GRAHAM CURTIN, P.A.
4 Headquarters Plaza
P.O. Box 1991
Morristown, NJ 07962-1991
Telephone: (973) 272-1700
Facsimile:  (973) 272-1767

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANT LEAP SEARCH LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>PALANTIR TECHNOLOGIES, INC.,<br><br>                    Defendant. | Civil Action No.:<br><br>**COMPLAINT AND JURY DEMAND** |

## COMPLAINT

Plaintiff Ant Leap Search LLC, ("Ant Leap"), by its undersigned attorneys, as and for its complaint against defendant Palantir Technologies, Inc., ("Palantir"), says:

1937419_1

1

## THE PARTIES

1. Plaintiff Ant Leap is a New York limited liability company that maintains its principal place of business in Florham Park, New Jersey

2. Upon information and belief, defendant Palantir is a Delaware corporation that maintains its principal place of business at 100 Hamilton Ave., Suite 300, Palo Alto, CA 94301.

## JURISDICTION AND VENUE

3. This is a patent infringement action under the Patent Laws of the United States, 35 U.S.C. § 1 *et. seq.* Hence, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

4. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship of the parties and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. Venue is proper in this judicial district pursuant to 28 U.S.C §§ 1391(b), (c) and/or 1400(b).

## FACTS

6. On November 10, 2009, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,617,193, entitled "Interactive User-Controlled Relevance Ranking Retrieved Information in

1937419_1

2

an Information Search System ("the '193 patent").  A copy of the '193 patent is attached as Exhibit A.

      7.    Plaintiff Ant Leap is the assignee of the '193 patent and owns all right, title and interest in and to the '193 patent.

      8.    Plaintiff Ant Leap provides Internet search services in accordance with the '193 patent its web site at www.antleap.com.

      9.    On information and belief, defendant Palantir makes, uses and sells services and products that incorporate the claimed subject matter of the '193 patent.  For example, Palantir provides federated search of databases based on keywords and other user inputs to create a repository of search results that can be further focused and re-ranked without going back to a database search system.

      10.    Defendant Palantir is not licensed under the '193 patent, and is not authorized or permitted to make, use, import, sell or offer to sell any of the subject matter claimed in the '193 patent.

## COUNT I
## PATENT INFRINGEMENT

      11.    Plaintiff Ant Leap repeats the allegations of paragraphs 1-10 as if fully set forth here.

      12.    In violation of 35 U.S.C. § 271, defendant Palantir has infringed and continues to infringe, literally and/or under the doctrine of equivalents, at least claim 22 of the '193 patent by providing federated search

1937419_1

services and by products to provide search services, and/or by inducing or contributing to the infringement of one or more claims of the '193 patent by others.

13. Plaintiff Ant Leap has suffered damages as a result of defendant Palantir's infringement as aforesaid.

14. Plaintiff Ant Leap has suffered and will continue to suffer irreparable harm, for which it has no adequate remedy at law, as a consequence of defendant Palantir's infringement.

WHEREFORE, plaintiff Ant Leap prays for judgment and relief in its favor and against defendant Palantir as follows:

a. That defendant Palantir has infringed the '193 patent directly, and/or induced others to infringe the '193 patent or contributed to the infringement of the '193 patent by others.

b. That defendant Palantir, and all acting in concert with it, its be preliminarily and permanently enjoined from infringing, inducing others to infringe, and/or contributing to the infringement of the 193 Patent.

c. For an award of compensatory damages, together with interest and costs of suit.

d. For an award of reasonable attorneys' fees.

e. For such other and further relief as the Court may deem just and appropriate.

## **JURY DEMAND**

Plaintiff Ant Leap Search LLC hereby demands a trial by jury on all issues so triable.

>Respectfully submitted,
>
>GRAHAM CURTIN, P.A.
>Attorneys for Plaintiff
>
>By: s/Glen M. Diehl
>        GLEN M. DIEHL
>
>Attorneys for Plaintiff
>Ant Leap Search, L.L.C.

Dated: January 8, 2014

1937419_1

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I further certify that United States Patent No. 7,617,193 is not the subject of any other civil suit.

        Respectfully submitted,

        GRAHAM CURTIN, P.A.
        Attorneys for Plaintiff

By:  s/ Glen M. Diehl
       Glen M. Diehl, Esq.

       Attorneys for Plaintiff
       Ant Leap Search, L.L.C.

Dated:  January 8, 2014